UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NATHANIEL ROBERT FLYNN,
    Plaintiff,

vs.                                                                             10-1391

JEANIE MURRAY, et.al.,
    Defendants.

## MERIT REVIEW ORDER

       This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named six defendants including: Clothing Room Supervisor Jeanie Murray, Correctional Counselor Terry Friend, Grievance Officer Gary Pompel, Warden Gerardo Acevedo, Office of Inmate Issues Employee Sarah Johnson and Director of the Illinois Department of Corrections Michael Randle.

       The Plaintiff says he is entitled to replacement clothing every eight months to a year. The Plaintiff says he put in a request to see the Clothing Supervisor about new clothes on June 30, 2009. However, Defendant Murray denied his request stating that the Plaintiff had already been to the clothing room ten days earlier. The Plaintiff claims this was untrue, so he put in a second request informing the Defendant that there was some mistake. Again, the Defendant denied his request insisting that the Plaintiff has already received his new clothing. The Plaintiff says the Defendant's actions violate his constitutional rights.

       The Plaintiff says he filed a grievance and complained to the other named Defendants, but did not receive new clothing. The Defendants instead responded that their records show an inmate matching the Plaintiff's name and I.D. number was allowed to go to the clothing room. In the twenty-five page complaint and attachments, the Plaintiff makes one reference to the condition of his clothing. He states his socks had holes, his towel had turned yellow and smelled bad when it was wet and his boxers were torn and had stains. (Comp, p. 22)

       The Plaintiff adamantly denies that he was in the clothing room and says he did not receive a call pass, did not sign anything, and did not receive any clothing. Therefore, the Plaintiff says the Defendants must have committed forgery and criminal charges should be pursued.

This court cannot order that criminal charges be filed against anyone. Criminal prosecutions are the function of state and federal prosecutorial authorities. However, the
Plaintiff may allege a violation of his constitutional rights based on his living conditions. The Eighth Amendment prohibition against cruel and unusual punishment imposes upon the Defendants the duty to "provide humane conditions of confinement" for prisoners. *Farmer v Brennan,* 511 U.S. 825, 832 (1994). This duty includes the obligation to "ensure that inmates receive adequate food, clothing, shelter, protection and medical care." *Oliver v Deen,* 77 F.3d 156, 159 (7th Cir. 1996).

To state a claim, the Plaintiff must allege that he suffered an objectively, sufficiently serious injury and that prison officials inflicted that injury with deliberate indifference. *Farmer v Brennan,* 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate of "the minimal civilized measure of life's necessities." *Rhodes v Chapman,* 423 U.S. 337, 347 (1981). Only extreme deprivations will support an Eight Amendment claim. *Delaney v DeTella,* 256 F.3d 679, 683 (7th Cir. 2001).

The Plaintiff has failed to articulate a violation of his Eighth Amendment rights. The Plaintiff makes very little reference to any specific problems with this clothing and he does not claim that his clothing had any impact on his health. *See Young v. Berks County Prison*, 940 F.Supp. 121, 123-24 (E.D.Pa 1996)(noting that there was no Eighth Amendment violation when inmate's clothing was occasionally dirty or torn so long as his health was not imperilled); *Tapp v Proto,* 718 F. Supp.2d 598, 619 (E.D.Pa. 2010)(inmate forced to wear dirty, torn and stained undergarments during his confinement did not state a constitutional violation); *Jones v Schouppe*, 2008 WL 163049 at 4 (W.D.Pa. Jan. 15, 2008)(denial of new clothing is at most inconvenience, discomfort or indignity incidental to prison life, not a constitutional violation); *McKnight v Northern Nevada Correctional Center,* 2010 WL 4005547 at 3 (D.Nev. Oct. 8, 2010)(no Eighth Amendment violation when inmate allowed one set of clothing for six months and prison then refused to replace new clothing that was lost in laundry); *Tinsley v Vaughn,* 1991 WL 95323 at 5 (E.D.Pa. May 29, 1991)("There is no absolute constitutional standard for how often prisoners must be given new clothing.").

The focus of the Plaintiff's complaint is not so much the condition of his clothing, but his claim that the Defendants lied when they stated that the Plaintiff had already been to the clothing room. The Plaintiff says the Defendants violated his Fourteenth Amendment due process rights when they refused to take any action after the Plaintiff informed them that "a felonious act against me had caused the deprivation of property." (Comp, p. 10) The Plaintiff has failed to adequately articulate a violation of his due process rights. He was able to file a grievance concerning his claims, but the grievance process in itself does do not give rise to a liberty interest protected by the due process clause. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Plaintiff's claim also does not involve any property that belonged to him. Even if the Plaintiff was denied personal property, he would not be entitled to damages under §1983 since he has an adequate post-deprivation remedy. *Stewart v McGinnis,* 5 f.3d 1031, 1035-36 (7th Cir. 1993). Illinois allows inmates to challenge deprivations of personal property through a tort claim filed in the Illinois Court of Claims. *See* 705 ILCS 505/8. Based on the allegations in his complaint, the court finds that the Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 3, mot. counsel], and this case is closed, with the parties to bear their own costs.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

6) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 7th day of January, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE